**UNITED STATES of America,**
**Appellee,**

v.

**Jesus Maria ACEVEDO, Defendant–**
**Appellant.**

No. 05–4549–cr.

United States Court of Appeals,
Second Circuit.

March 1, 2007.

34

Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Michael J. Garcia, United States Attorney (William J. Stellmach, Harry Sandick, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant Jesus Maria Acevedo appeals the sentence imposed on him after he pleaded guilty to illegally reentering the United States after having been deported following conviction for an aggravated felony, without having obtained the express permission of the Attorney General of the United States, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Judge Holwell sentenced Acevedo principally to 57 months of imprisonment, which was within the 57– to 71–month range prescribed by the U.S. Sentencing Guidelines as a result of the uncontested calculations in Acevedo's Presentence Investigative Report ("PSR"). We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We have jurisdiction to review the District Court's sentence for reasonableness, *see United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), notwithstanding that the sentence imposed was within the applicable Guidelines range, *see United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006).

■ Acevedo argues that the District Court's sentence was unreasonably long.

He asserts that his sentence was "greater than necessary" to meet the objectives of sentencing set forth in 18 U.S.C. § 3553(a)(2), *see* 18 U.S.C. § 3553(a) (stating that a district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2)), when compared to the lower Guidelines sentencing ranges that allegedly would have applied had Acevedo been convicted of certain offenses in which people or property were injured, and also when compared to the lesser sentence that he could have received in a district with a "fast-track" program for unlawful reentrants, *see United States v. Mejia,* 461 F.3d 158, 160–61 (2d Cir.2006) (describing fast-track programs). The Southern District of New York does not have a fast-track program. *See id.* at 161.

■ Upon consideration of the entire record, we conclude that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented. Acevedo's substantial criminal record and history of recidivism supported a sentence that was within the applicable Guidelines range. Moreover, *Mejia,* which was decided after Acevedo was sentenced, held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 164. Acevedo thus has no basis for arguing that his sentence is unreasonable solely because the District Court declined to impose a lesser sentence that would compensate for the absence of a fast-track program in the Southern District of New York.

We have considered all of Acevedo's arguments on appeal and find them to be without merit. Accordingly, we hereby

AFFIRM the judgment of the District Court.